**ORIGINAL**

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CRIMINAL NO. 4:10-CR-016-HLM

The United States Attorney for the Northern District of Georgia and Defendant KEVIN KENT, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. KEVIN KENT, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count One thereof.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count One of the Indictment .

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did

not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties as to Count One:

(a)   Maximum term of imprisonment: Life.

(b)   Mandatory minimum term of imprisonment: Ten years.

(c)   Term of supervised release: 5 year(s) to Life.

(d) Maximum fine: $4,000,000.00, due and payable immediately.

(e) Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

(f) Mandatory special assessment: $100.00, due and payable immediately.

(g) Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and of 18 U.S.C. § 3553(a), and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV. PLEA AGREEMENT

The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, Counts 1-6, 8-11, and 14, in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the

Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## No Additional Charges

The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Cooperation

**General Requirements**

The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

   (a) producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

   (b) making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

   (c) responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses;

   (d) when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Consent to Contact**

The Defendant and Defendant's counsel agree that Government attorneys and law enforcement agents may contact the Defendant without notifying and outside the presence of Defendant's counsel for purposes relevant to the Defendant's cooperation.

**Section 1B1.8 Protection**

Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, based on any information provided by the Defendant in connection with cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in cooperation with the Government, may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information Defendant has provided may be used against Defendant in such a prosecution.

**Promised Benefit for Substantial Assistance**

The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. Based on the substantial assistance the Defendant has provided and will continue to provide in this case and in related investigations, the Government, at sentencing, will dismiss Count Seven of the Indictment, which charges the Defendant with violating 18 U.S.C. § 924(c) (which carries a mandatory minimum sentence of five years to life, consecutive to all other counts), and the Government will recommend that the Defendant be sentenced at the low end of the adjusted guideline range. The Defendant agrees not to request any further consideration for his continued cooperation in this case and related investigations. If the Defendant fails to cooperate truthfully and

7

completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

## Sentencing Recommendations

**Base/Adjusted Offense Level Stipulations**

Based upon the evidence currently known to the Government, the Government will recommend and the Defendant agrees to the following applications of the Sentencing Guidelines:

(a) The applicable offense guideline is Section 2D1.1(c)(2).

(b) The criminal activity undertaken by the Defendant and others acting in concert with involved at least 1.5 and up to 5.4 kilograms of a mixture and substance containing a detectable amount of methamphetamine, of which at least 1.5 and up to 5.4 kilograms of a mixture and substance containing a detectable amount of methamphetamine was reasonably foreseeable to the Defendant.

(c) Because the Defendant possessed a firearm, the Defendant is subject to the 2-point enhancement pursuant to Section 2D1.1(b)(1).

**Specific Sentence Recommendation**

The Government agrees to recommend that the Defendant be sentenced at the low end of the adjusted guideline range, as stated above, provided the Court does not grant a downward variance or departure, other than that which has been agreed upon by the parties. If the Court grants a downward departure or variance, other than that which has been agreed upon by the parties in this agreement, the Government will not be required to make a low end recommendation, and will be free to recommend whatever sentence the Government believes to be appropriate and reasonable.

**Fine--No Recommendation**

The Government agrees to make no specific recommendation as to the fine to be imposed on the Defendant within the applicable guideline range.

### Financial Cooperation Provisions

**Special Assessment**

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $100.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any

other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL:   To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

**DNA Waiver**

The parties agree that no biological evidence (as defined in Title 18, United States Code, Section 3600A) has been identified in this case; therefore, the Defendant understands and agrees that no evidence will be preserved for DNA testing.

## No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 22nd day of October, 2010.

_____
SIGNATURE (Attorney for Defendant)
V. NATASHA PERDEW-SILAS

_____
SIGNATURE (Defendant)
KEVIN KENT

_____
SIGNATURE (Assistant U.S. Attorney)
Todd C. Alley

_____
SIGNATURE (Approving Official)
William H. Thomas, Jr., Chief, Narcotics and OCDETF Section

10/22/10
DATE

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and

12

sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____  _____10-22-10_____
SIGNATURE (Defendant)           DATE

I am KEVIN KENT's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____  _____10-22-10_____
SIGNATURE (Defense Attorney)    DATE

13

INFORMATION BELOW MUST BE TYPED OR PRINTED

V. NATASHA PERDEW-SILAS
NAME (Attorney for Defendant)

KEVIN KENT
NAME (Defendant)

101 Marietta, #1500
STREET

_____
STREET

Atl GA 30303
CITY & STATE   ZIP CODE

_____
CITY & STATE   ZIP CODE

PHONE NUMBER 404-688-7530

PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER 571970

Filed in Open Court

FILED IN OPEN COURT
10-22-10
James N. Hatten, Clerk

By _____ By: _____
                Deputy Clerk

14

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 4:10-CR-016-HLM |
| DEFENDANT'S NAME: | KEVIN KENT |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    **\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk of Court, U.S. District Court
    600 East First Street
    Rome, Georgia 30161

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA