IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO.: |
| V. | ) | 4:10-CR-016-03-HLM |
| | ) | |
| KEVIN DONUEL KENT | ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S SENTENCING POSITION

COMES NOW KEVIN DONUEL KENT, through undersigned counsel, and hereby submits this memorandum in support of the defendant's sentencing position.

Your defendant, Kevin Donuel Kent, is a twenty-nine year old native of Aragon, Georgia who stands to be sentenced before this Court for his first felony offense. Prior to his arrest in this case, Mr. Kent was living on Old Collard Valley Road in Aragon, Georgia. He was born in Rome, Georgia. Mr. Kent has a large extended family. His family members are very supportive and are likely to be well represented at the sentencing hearing on Friday.

Mr. Kent has admitted his guilt in this case. A negotiated plea to count one (the conspiracy) was entered on October 22, 2010 before this Honorable Court. At the sentencing hearing, we will ask the Court to

impose a sentence of no more than 168 months pursuant to 18 U.S.C. 3553(a).

## Role in the Offense Objection

There is no disagreement over the base offense level/drug quantity in this case as the parties agreed to this prior to entry of the plea. Mr. Kent's base offense level, therefore, is calculated at 34 accounting for between 1.5 and 5.4 kg of methamphetamines. A two level enhancement has been applied to account for the firearm which Mr. Kent possessed during the offense. We do not disagree with either of these two calculations. However, at paragraph 53 of the presentence report, Mr. Kent has been assessed a four level enhancement for being "an organizer and leader of a criminal activity that involved five or more people." According to paragraph 53, these points are assessed, because "Kent was an organizer and leader, or the organization, along with McCullough, Ware, and Maldonado." The report goes on to more specifically allege that Mr. Kent "directed Tommy Morgan and Timothy Washington." The report concludes, therefore, that Mr. Kent's "participation in the drug conspiracy meets the criteria of an aggravating role …." We disagree.

Section 3B1.2 of the United States Sentencing Guidelines provides for several different possible increases in a defendant's offense level as follows:

> **§3B1.1.  Aggravating Role**
>
> Based on the defendant's role in the offense, increase the offense level as follows:
>
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by **4** levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels.
>
> (c)   If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by **2** levels.

At the outset, it should be noted that the conspiracy before the Court is unlike some in which there is a clear hierarchy of individuals who report up the line in pyramid fashion.  In fact, this conspiracy brings to mind other cases addressed by the Eleventh Circuit in which there was no fixed hierarchy of people who reported to one another as in a corporation, etc.  See

United States v. Westry, 524 F.3d 1198 (11th Cir. 2008) (conspiracy found even though defendants competed with each other for drug customers since Government showed that defendants acted in concert to meet demands of the drug market in certain area); and United States v. Brown, 587 F.3d 1082 (11th Cir. 2009) (same).

The presentence report lists a series of approximately fourteen transactions in which Mr. Kent participates. Other acts and conversations are also listed in the presentence report. Counsel has summarized the transactions relating to Mr. Kent in chart form at Attachment A so that it is easier to see that there is a clear pattern for the transactions relating to Mr. Kent.

There are fourteen transactions. Most (nine) follow the same basic pattern. A customer places an order with Kent. Kent then contacts a source. Kent meets the source and obtains the product. Kent then delivers the product to the customer and makes the sale. These basic transactions are marked with a single asterisk in the chart which is Attachment A. The presentence report does not base the role enhancement on these nine transactions. We agree. There is no question but that no role enhancement would apply to these transactions.

Counsel has also marked (with double asterisks) five other transactions in which the pattern is a little different. A customer calls Kent to place order. Kent calls Washington or Morgan and then Washington or Morgan meet with customer and make the sale. These transactions are marked with double asterisks on Attachment A. It is our position that as to these transaction, there is also no basis for a role enhancement, because there is no indication that Mr. Kent is supervising or directing Washington or Morgan. Instead, it appears as though Mr. Kent simply does not have any the product and sends the customer to Washington and/or Morgan to get some meth (or a firearm). At times, Kent calls and asks Morgan if he has product. The same is true of Tim Washington. Again, this conspiracy looks as though a number of "independent contractors" are acting in concert to meet the customer demand for product in the area similar to United States v. Brown and United States v. Westry. There is no evidence that Mr. Kent recruited Washington or Morgan to sell meth. They appear to have been involved in distributing meth independent of Kent. They do not appear to have needed his assistance.

Finally, the presentence report also references an instance in which Kent calls Tommy Morgan on May 21, 2009 and expresses irritation that he did not pick up the phone. Specifically, Kent says to Morgan, "If you're

gonna work for me, when I call you better answer … it's about business, son."  See paragraph 35 of the presentence report.  In context, this conversation is not an indication that Morgan was working for Kent.  Mr. Kent had introduced Morgan as the "gun guy" not long before this.  See paragraph 34.  Morgan participated directly in negotiations with the undercover officer over a price for a weapon.  Morgan makes the sale.  Morgan also at this point offered to become the undercover's source for meth himself and at a better price than that offered by Kent.

Title 18, United States Code 3553 Factors

The Court will hear from family members and supporters of Mr. Kent at sentencing.  The Court will learn that despite the fact that Mr. Kent is guilty of distributing methamphetamines as detailed in the presentence report and discussed above, he has been a close and valued family member and is described as a loving father.  This fact coupled with the lack of a significant criminal record and no prior felony offenses reveals that there is substantial hope that Mr. Kent's likelihood of recidivating is less than it otherwise would be.  Family support has long been recognized as a factor which assists a defendant in efforts to rejoin society without relying on criminal conduct.  Also, a significant sentence like that which Mr. Kent will

receive from this case is something he has never experienced before.  He has never had to do more than six months in jail before this case.  In fact, he has already served more than twice that amount in pretrial detention in Polk County Jail for this offense.  For all these reasons and more, we will ask that the Court consider a sentence below the guidelines range.  As we believe that the role enhancement is not warranted, we ask that the Court go below the 168-210 month range if role is not assessed against Mr. Kent.  If the Court does find that role is appropriate, we ask the Court to go down to 168 months.

Respectfully submitted, this 28th day of January, 2011.

*V. Natasha Perdew Silas*
Georgia Bar Number 571970
Attorney for Mr. Kent

FEDERAL DEFENDER PROGRAM, INC.
1500 THE CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

CERTIFICATE OF ELECTRONIC FILING

This is to certify that I have this day electronically filed the foregoing pleading on the ECF system. I expect that the system will perfect service upon the Government, Todd Alley, Esquire.

This 28th day of January, 2011.

*V. Natasha Perdew Silas*
Georgia Bar Number 571970
Attorney for Mr. Kent

FEDERAL DEFENDER PROGRAM, INC.
1500 THE CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GA 30303
404-688-7530
NATASHA_SILAS@FD.ORG